CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
ARABIAN WIND LTD.
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

08 CV 0937

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ARABIAN WIND LTD.,

                Plaintiff,

                v.

PAKRI TANKERS OU,

                Defendant.
-------------------------------------------------------------X

08 CV _____ ( ___ )

**VERIFIED COMPLAINT**

Plaintiff ARABIAN WIND LTD. (hereinafter "ARBAIAN"), by its attorneys, Chalos, O'Connor & Duffy, as and for its Verified Complaint against the Defendant, PAKRI TANKERS OU (hereinafter "PAKRI"), alleges upon information and belief as follows:

### JURISDICTION

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

## THE PARTIES

2. At all times material hereto, Plaintiff ARABIAN was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country operating under foreign law with an address in Liberia.

3. The plaintiff ARABIAN is the owner of the vessel M/T ARABIAN WIND, and the primary business of ARABIAN is to charter the M/T ARABIAN WIND to others for the carriage of cargo in exchange for payments of hire or freight.

4. At all times material hereto, defendant PAKRI was and still is a foreign business entity duly organized and existing pursuant to the laws of the Republic of Estonia with a place of business at Toom Ruutli 12-10 Tallinn, Estonia.

5. The defendant PAKRI is engaged in the business of chartering and operating vessels for the carriage of goods by sea.

## AS AND FOR A CAUSE OF ACTION FOR BREACH OF MARITIME CONTRACT

6. On November 14, 2006, plaintiff ARABIAN, as owner of the ocean-going vessel M/T ARABIAN WIND, entered into a time charter party contract with defendant PAKRI, as charterer, whereby defendant PAKRI hired the M/T ARABIAN WIND for a period of 24 months +/- 30 day at a rate of hire of $14,250.00 per day, payable every thirty (30) days.

7. The charter party contract between plaintiff ARABIAN and defendant PAKRI is a maritime contract.

8. However, on December 28, 2007, PAKRI failed to make its monthly hire payment to plaintiff ARABIAN in the amount of $427,500.00.

9. Further, on January 28, 2007, PAKRI failed to make another monthly hire payment to plaintiff ARABIAN in the amount of $427,500.00.

10. As such, despite due demand, defendant PAKRI has currently not paid plaintiff ARABIAN $855,500.00 that is due and owing under the charter party maritime contract.

11. PAKRI's failure to make timely payment of the hire when it became due constitutes a breach of the charter party and, therefore, plaintiff ARABIAN has a maritime claim against PAKRI for breach of charter party in the principal amount of $855,500.00.

12. The maritime contract charter party between the plaintiff ARABIAN and defendant PAKRI dated November 14, 2006 provided, at clause 55, that any disputes arising out of the maritime contract shall be governed by English law and shall be referred to arbitration in London.

13. Interest and costs, including attorneys' fees, are routinely awarded to the prevailing party in London arbitration because they are recoverable damages in arbitration pursuant to the London Maritime Arbitration Association's rules.

14. In accordance with the terms and conditions of the charter party, the plaintiff ARABIAN is preparing to initiate arbitration proceedings against defendant PAKRI in London.

15. As best as can now be estimated, the plaintiff ARABIAN expects to recover the following amounts in London arbitration from defendant PAKRI:

| | | |
|---|---|---|
| A. | Principal claim | $ 855,500.00 |
| B. | Estimated interest on claims:<br>3 years at 7.5%, compounded quarterly | $ 213,632.25 |

|   |   |   |   |
|---|---|---|---|
| C. | Estimated attorneys' fees: | | $ 50,000.00 |
| D. | Estimated arbitration costs/expenses: | | $ 25,000.00 |
| **Total** | | | **$1,144,132.25** |

## PRAYER FOR RELIEF

16. Notwithstanding the fact that the liability of the defendant is subject to determination by arbitration in London, there are now, or will be during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the defendant within this District and held by various parties, as garnishees.

17. Plaintiff ARABIAN believes that some of these assets, *to wit*: bank accounts; payments from the purchasers of other cargoes; freight and/or hire payments being made to other vessel owners U.S. dollars; freight and hire payments from other charterers or shippers of cargo; and/or Clearing House Interbank Payment System (CHIPS) credits; and/or funds being transferred through intermediary banks are located in this District in the possession of garnishees, namely banks or financial institutions located in New York.

18. As set forth in the accompanying affidavit of Owen F. Duffy, the defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

19. Because this Verified Complaint sets forth an *in personam* maritime claim against the defendant and because the defendant cannot be found within this District

4

within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, the requirements for a Rule B attachment and garnishment are met and Plaintiff seeks the issuance of process of maritime attachment so that it may obtain security for its claims against the defendant and/or *quasi in rem* jurisdiction over the property of the defendant so that an eventual judgment and/or award can be satisfied.

WHEREFORE, Plaintiff prays as follows:

A. That the defendant be summoned to appear and answer this Verified Complaint;

B. That the defendant not being found within this District, as set forth in the Affidavit of Owen F. Duffy, then all of its assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the defendant within this District up to the amount sued for herein be attached pursuant to Supplemental Rule B and to pay Plaintiff's damages;

C. That this Court retain jurisdiction over this matter through the entry of a judgment either by this Court, and/or the London arbitration panel, so that judgment may be entered in favor of Plaintiff for the amount of its claim with costs, *i.e.* **US$1,144,132.25**, and that a judgment of condemnation and sale be entered against the property arrested and attached herein in the amount of Plaintiff's claim, plus costs to be paid out of the proceeds thereof; and

     D.     That Plaintiff has such other and further relief as the Court may determine to be just and proper under the circumstances.

Dated: Port Washington, New York
        January 28, 2008

                              CHALOS, O'CONNOR & DUFFY, LLP
                              Attorneys for Plaintiff,
                              ARABIAN WIND LTD.

By: _____
                              Owen F. Duffy (OD-3144)
                              George E. Murray (GM-4172)
                              366 Main Street
                              Port Washington, New York 11050
                              Tel:  (516) 767-3600 / Fax:  (516) 767-3605

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
ARABIAN WIND LTD.
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ARABIAN WIND LTD.,

       Plaintiff,

   v.              08 CV _____ (___)

PAKRI TANKERS OU,          **VERIFICATION**

       Defendant.
-----------------------------------------------------------X
STATE OF NEW YORK :
         : ss.
COUNTY OF NASSAU :

  BEFORE ME, the undersigned authority, personally came and appeared Owen F. Duffy who, after being duly sworn, did depose and state:

  1. That he is a partner in the law firm of Chalos, O'Connor & Duffy LLP, counsel for the Plaintiff, ARABIAN WIND LTD., herein;

  2. That he has read the foregoing complaint and knows the contents thereof;

  3. That he believes the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys; and

4. That the reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers' verification could not be obtained within the time constraints presented by the circumstances of this case.

Dated: Port Washington, New York
January 28, 2008

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
ARABIAN WIND LTD.

By: _____
Owen F. Duffy (OD-3144)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
ofd@codus-law.com

Subscribed and sworn to before me this
January 28, 2008

_____
Notary Public, State of New York

GEORGE E. MURRAY
Notary Public, State of New York
No. 02MU6108120
Qualified in New York County
Commission Expires April 12, 2008

2